■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FRANCISCO, Appellant. [880 NYS2d 806]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered September 26, 2007. The judgment convicted defendant, after a nonjury trial, of criminal possession of marihuana in the third degree, felony driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of marihuana in the third degree, granting that part of the motion seeking to suppress tangible property and dismissing count one of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, criminal possession of marihuana in the third degree (Penal Law § 221.20). We agree with defendant that County Court erred in denying that part of his omnibus motion seeking to suppress tangible property, i.e., the marihuana found by the police in the trunk of his vehicle during an alleged inventory search, inasmuch as the People failed to establish that the search was valid (*see People v Johnson*, 1 NY3d 252, 255-256 [2003]). Indeed, they failed to establish the existence of any departmental policy concerning inventory searches or that the officer properly conducted the search in compliance with established procedures (*see id.* at 256). The People also failed to establish that the officer "fill[ed] out the hallmark of an inventory search: a meaningful inventory list" (*id.*; *see generally People v Galak*, 80 NY2d 715, 720 [1993]). We therefore modify the judgment accordingly.

Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict with respect to the

remaining counts is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.